UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Aninchana Sangkharat,**

    **Plaintiff,**

                                                    **Case No. 16-10514**

**v.**                                                     **Hon. Denise Page Hood**

**Dr. Reynolds & Assoc., P.C.,**

    **Defendant.**

_____/

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION (DOC. # 7)**

**I.     INTRODUCTION**

Defendant filed a motion to dismiss and compel arbitration. (Doc. #7). Defendant claims that Plaintiff's employment discrimination claim is required to be arbitrated under Plaintiff's employment agreement with Defendant. For the reasons stated below, the Court **GRANTS** Defendant's motion.

**II.     BACKGROUND**

Plaintiff Aninchana Sangkharat ("Sangkharat") worked for Dr. Reynolds & Assoc., P.C as a radiologist. On April 4, 2011, Sangkharat signed an employment agreement which contained an arbitration clause. The clause states in relevant part:

> 9.     Arbitration. Any dispute or controversy arising under or in connection with this Agreement, . . . shall be settled exclusively by arbitration in accordance with the Voluntary Labor Arbitration Rules of the American Arbitration

> Association then in effect. . . The arbitration award shall be final and binding and shall be the sole remedy for any claimed breach of the Agreement. Judgment may be entered on the arbitrator's award in any court having jurisdiction, but neither party may otherwise resort to court or administrative agency with respect to any dispute that is arbitrable under this section except for claims that the arbitrator has exceeded his jurisdiction; provided however, that the Corporation may seek specific performance and other court intervention to enforce the terms of paragraph 12.

Doc. 9-2 at 4. The employment agreement contains a provision regarding discrimination. It states:

> 16.　　Non-discrimination. In connection with the performance of services under this Agreement, the parties agree to comply with the provisions of the Elliot-Larsen Civil Rights Act, PA 453 of 1976, as amended, the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973 and the Age discrimination Act of 1975m and specifically agree not to discriminate against an employee or applicant for employment with respect to hire, tenure, terms, conditions, or privileges of employment because of disability that is unrelated to the individuals ability to perform the duties of a particular job or position, or because of race, color, religion, national, origin, age, sex, height, weight, or marital status.

Doc. 9-2 at 7.

While working as a radiologist, Sanghkharat alleges that she was discriminated against on the basis of her national origin and gender beginning in 2011. Specifically, Sangkharat contends that Chief Radiologist, Dr. Gerald Hillman, and Assistant Chief Radiologist Dr. Karen Rosenpire, treated her differently than white and/or male radiologists. Plaintiff contends she received less favorable assignments and work schedules than white and/or male radiologists. Plaintiff voiced her concerns to the President of the practice, Dr. Daniel Waltz. Waltz began an investigation into her claims. Plaintiff alleges that after Rosenspire and Hillman discovered that Plaintiff

complained of discrimination, the harassment and retaliation escalated. Plaintiff alleges Waltz inadequately investigated Sangkharat's discrimination, harassment, and retaliation claims.

In the fall of 2014, Defendant suddenly made changes to its employment policies. For instance, Defendant changed its vacation and charged time off policies; a change Plaintiff contends prevented her from taking her annual trip to Thailand. Defendant also changed its employment contract by altering the arbitration clause. The contract's new arbitration clause provides in relevant part:

> 9. <u>Arbitration.</u> Any dispute or controversy arising under or in connection with this Agreement, including claims of unlawful discrimination . . . shall be submitted to Arbitration in the State of Michigan pursuant to the Employment rules of the American Arbitration Association. The arbitration demand shall be submitted by the Doctor by whichever of the following deadlines is earlier: (1) the applicable statute of limitations; or (2) 182 calendar days after the Doctor knew or should have known that the event precipitating the arbitration demand occurred. Any time limit to the contrary is waived. . .

Doc. 9-3 at 4. Sangkharat states that these contract changes were acts of retaliation. Sangkharat claims that Defendant's alteration of the arbitration clause to explicitly address discrimination claims was made so that Sangkhrat would be prevented from pursuing her discrimination claims and filing a charge with the EEOC. Sangkharat refused to sign the new employment agreement. Sangkharat states she was terminated because she failed to sign the agreement.

Plaintiff now sues Defendants under Title VII of the Civil Rights Act and Michigan's Elliot Larsen Civil Rights Act alleging discrimination on the basis of gender and national origin. Defendant filed a motion to dismiss claiming that Plaintiff's claims are subject to the mandatory arbitration clause in her 2011 employment agreement. Plaintiff disagrees; claiming that the arbitration provision applies to controversies arising under the agreement. Sangkharat's claims that her allegations are statutory in nature and they do not arise under the employment agreement. She also claims that even if they are statutory, her claims can be pursued through arbitration or the judicial system.

## III. STANDARD OF REVIEW

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.,* provides that a written provision in a contract "to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This section of the FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Seawright v. Am. Gen. Fin. Servs., Inc.,* 507 F.3d 967, 972 (6th Cir.2007) (internal citation and quotation omitted). When presented with an issue that is referable to arbitration pursuant to a valid arbitration agreement, the court,

4

upon the application of either party, must stay the suit and compel arbitration. 9 U.S.C. § 3.

Arbitration under the FAA is "a matter of consent, not coercion." *Albert M. Higley, Co. v. N/S Corp.,* 445 F.3d 861, 863 (6th Cir.2006) (quoting *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 479 (1989)). "Congress's preeminent concern in enacting the FAA—the enforcement of private agreements to arbitrate as entered into by the parties—requires that the parties only be compelled to arbitrate matters within the scope of their agreement." *U.S. ex rel. Paige v. BAE Sys. Tech. Sols. & Servs., Inc.*, 566 F. App'x 500, 503 (6th Cir. 2014). A party "cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration." *NCR Corp. v. Korala Assocs., Ltd.,* 512 F.3d 807, 813 (6th Cir.2008) (quoting *Simon v. Pfizer Inc.,* 398 F.3d 765, 775 (6th Cir.2005)). A court should not "override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 294 (2002).

When evaluating the scope of an arbitration agreement, all doubts should be resolved in favor of arbitration. *Moses H. Cone Mem 'l Hosp. v. Mercury Constr. Corp .,* 460 U.S. 1, 24–25 (1983). "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the

arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582–83 (1960).

To determine whether to compel arbitration, a court asks two questions: (1) did the parties enter into a valid and enforceable agreement to arbitrate, and (2) do the claims asserted fall within the scope of the arbitration agreement. *Etherly v. Rehabitat Sys. of Michigan*, No. 13-11360, 2014 WL 2559141, at *4 (E.D. Mich. June 4, 2014), *report and recommendation adopted,* No. 13-11360, 2014 WL 2559192 (E.D. Mich. June 6, 2014).

## IV.  DISCUSSION

Sangkharat's employment discrimination claim is subject to the arbitration clause. "In determining whether a claim falls within the scope of an arbitration clause, we look to the plain language of the agreement." *U.S. ex rel. Paige v. BAE Sys. Tech. Sols. & Servs., Inc.*, 566 F. App'x 500, 503 (6th Cir. 2014). Here, the arbitration agreement states "**Any dispute or controversy arising under or in connection with this Agreement**, . . . shall be settled exclusively by arbitration. . . The arbitration award shall be final and binding and shall be the **sole remedy for any claimed breach of the Agreement**." (Doc. # 9-2 at 4). Sanhkharat's employment contract contained an anti-discrimination clause, which stated that the employer agreed to abide by civil rights statutes. Plaintiff's allegations that

6

Defendant discriminated against her is essentially an allegation that Defendant violated paragraph 16, which specifically mentions Title VII and the Elliot Larsen Civil Rights Act by engaging in discrimination. The statutes Sangkharat desires to pursue her rights under are part of her employment agreement. Therefore, her dispute arises out of the contract and is subject to arbitration because "when parties agree to arbitrate statutory antidiscrimination claims, they waive their right to seek relief in a judicial forum." *Williams v. Serra Chevrolet Auto., LLC*, No. 12-11756, 2013 WL 183942, at *2 (E.D. Mich. Jan. 17, 2013). It should be noted that Sangkharat does not claim she did not understand the waiver or waived her rights involuntarily. Accordingly, she validly waived her right to a judicial forum and must arbitrate her claims. *See also, Alonso v. Huron Valley Ambulance Inc.*, 375 F. App'x 487 (6th Cir. 2010)

  The Court is not persuaded by Plaintiff's reliance on *Gray v. Toshiba Am. Consumer Products, Inc.*, 959 F. Supp. 805 (M.D. Tenn. 1997). *Gray* is easily distinguishable because it involved a plaintiff seeking to avoid arbitration of a discrimination claim arising out of a *collective bargaining agreement*.

  In *Gray*, the court concluded that the plaintiff was not barred from pursuing a discrimination claim in court after unsuccessfully submitting the discrimination claim to arbitration. *Id*. at 813. The court in *Gray* allowed the

7

plaintiff to seek judicial relief in addition to arbitration because of the "tension between collective representation and individual statutory rights." *Id*. at 811. The court noted that union representatives may not be as diligent in vindicating the individual civil rights of one employee, if doing so may adversely affect the other employees covered under the collective bargaining agreement. *See Id.* at 808 ("an employee arbitrating his discrimination claim under the terms of a collective bargaining agreement does not assert his claims individually. Rather, such employee is typically represented by his union's representative, which raises a serious concern about whether the overall interest of the union for all its employee members might compromise the individual interest of the complaining employee.").

The court in Gray was concerned that an arbitrator may be constrained by the collective bargaining agreement because "to the extent that the federal nondiscrimination laws conflict with or modify the collective bargaining agreement, the arbitrator had no authority to invoke such laws to vindicate Plaintiff's federal statutory rights." *Id*.

In this case, Sangkharat's employment contract was not the result of a collective bargaining agreement; she is not part of a union. Accordingly, her individual rights would not be subservient to the rights of others. Since Sangkharat's dispute arises out of and is in connection with her employment

8

agreement, and her rights will be individually pursued without the danger of being subservient to others, her civil rights claim is subject to arbitration.

## V. CONCLUSION

Defendant's Motion to Dismiss (**Doc. # 7**) is **GRANTED**.

**IT IS ORDERED.**

                                        s/Denise P. Hood
                                        HON. DENISE PAGE HOOD
                                        U.S. DISTRICT COURT CHIEF JUDGE

Dated: September 6, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 6, 2016September 6, 2016, by electronic and/or ordinary mail.

                                        s/Keisha Jackson
                                        for Case Manager L. Saulsberry